## Hatz *versus* Snyder.

26  511<br/>127  249

The payee and endorsee of a promissory note is incompetent as a witness for the holder against the maker, even though he be released from all liability on his endorsement.

The case of Bailey *v.* Knapp, 7 *Harris* 192, affirmed.

ERROR to the Common Pleas of *Berks county.*

This was an action brought by John Hatz against Christian Snyder, on a promissory note made by Snyder on the 22d July, 1854, in favour of R. C. Shenk, for $150, at sixty days, and by Shenk endorsed to plaintiff.

The note was protested for non-payment. The suit was brought on the 6th December, 1854. On the trial the plaintiff gave in evidence the note and protest.

The defendant, under his plea and notice of special matter,

[Hatz *v.* Snyder.]

proved that the note was given for a horse sold by Shenk to Snyder, and that Hatz, the plaintiff, was a part owner of the horse. He also proved that the horse was worthless, and that the plaintiff knew of the defects, and that the note was given for the horse.

The defendant alleged that he was an innocent holder for value, and offered R. C. Shenk, the payee and endorser, releasing him, as a witness to prove these facts. He was objected to by the plaintiff, and rejected by the court.

The jury found for the defendant.

The plaintiff removed the cause to this court, and assigned the rejection of Shenk for error.

*Richards*, for plaintiff in error.—The payee, after having endorsed the note, is competent to prove any matters arising after the making of the note: 2 *Green. Ev.* § 207; *Byles on Bills*, 480. The endorser may be a witness to prove the consideration received, or the promise of defendant to pay after maturity: *Chitty on Bills*,674; Eppler *v.* Funk, 8 *Barr* 469; Bisbing *v.* Graham, 2 *Harris* 17; Burns *v.* Ball, 1 *Mass.* 73; Rice *v.* Stevens, 3 *Mass.* 225; 11 *Pick.* 417. In the case of Bailey *v.* Knapp, 7 *Harris* 172, the instrument sued on was not an ordinary promissory note endorsed in the usual way. The principle of Post *v.* Avery applies to cases in which the transfer was evidently made to enable a legal party to become a witness.

*Davis* and *Banks*, for defendant in error.—The case of Bailey *v.* Knapp, 7 *Harris* 492, we apprehend rules this case. An assignor or endorser cannot support the transferred instrument by his own testimony: Harding *v.* Mott, 8 *Harris* 469. He could not prove that the note had not been negotiated in the usual course of business: Griffith *v.* Refford, 1 *Rawle* 197; Gilpin *v.* Howell, 5 *Barr* 52; Haus *v.* Palmer, 9 *Harris* 296. The rule in Post *v.* Avery is peculiar to this state, and therefore the authorities cited from *Mass. Rep.* and elsewhere have no application.

The opinion of the court was delivered by

BLACK, J.—A. sold a horse to B., and took a negotiable note for the price. Afterwards he endorsed the note to C., who brought suit upon it. B.'s defence to the note was that A. was the agent of C. in making the sale; that the principal and agent both knew the horse to be worthless; that the note was C.'s when it was made, and had been transferred to him for that reason; that C. was therefore not a *bona fide* holder. To rebut this evidence, A. was offered as a witness. Was he competent?

According to the rule, the endorser of a promissory note (being released) was a competent witness for his endorsee in a suit by the latter against the maker, and so was anybody else who was

[Hatz *v.* Snyder.]

not a party, and had no direct interest in the record.  But in Post *v.* Avery, and the other cases which followed it, the general and broad rule was established, that one who transfers a chose in action cannot support by his testimony the right of the transferee to recover it.  These decisions did not, in words, embrace the endorser of a negotiable instrument.  But he is as clearly within the principle of them as the assignor of a bond.  It would be intolerable absurdity to make a distinction where there is no possibility of seeing a difference.  Accordingly we held in Bailey *v.* Knapp, 7 *Harris* 192, that whether a party transfers his claim by delivery, endorsement, or assignment, he is, in either case, alike incompetent to be a witness for the subsequent holder.  We are satisfied to let it stand so.  We think the rule is well calculated to exclude fraud and remove the temptation to perjury. The danger of both would be rather greater from admitting an endorser than it would be in any other case.  As an example, I may mention that we had a case before us at Sunbury, in which a person from New York sold some patent right which was a frightful cheat to a citizen of Union county.  The purchaser gave his promissory note, but took from the vendor a written warranty with an agreement that if the warranty was broken, the note should be given back.  The payee of the note endorsed it to another person, and a third one was sent down to collect it, who utterly repudiated the warranty, and claimed that his principal was a *bona fide* holder.  The swindle was probably pre-arranged among the whole of them.  Should an endorser in such circumstances be admitted to testify in favour of the endorsee, while the maker is excluded?  If the maker could produce probable proof of the conspiracy to defraud him, would it be right to let one of the conspirators rebut it with his own oath?

Judgment affirmed.