## Montgomery *et al. versus* Grant *et al.*

1. In an issue to try the validity of a will, persons who are beneficially interested under it at the commencement of the proceedings are substantially parties to the issue, although not so named. They are therefore liable for costs from which they cannot discharge themselves by a release.

2. The opposite parties have a right to look for costs to those who are beneficially interested in the suit.

3. It will be presumed that the proceeding was instituted by the direction of the party interested.

4. Even if responsibility for costs would not attach to a party who had released all claim before proceedings had commenced, or who never having made any claim or taken any part in the contest should execute a release before examination, that must appear affirmatively.

February 12th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Philadelphia :* No. 223, to January Term 1868.

In the court below this was a feigned issue on two wills of Mrs. Isabel B. Montgomery, one dated November 18th 1865, and the other dated the 23d of the same month.

The plaintiffs were John T. Montgomery and others, who offered the first will for probate; the defendants were Edward B. Grant and others, who offered for probate the second will.

The first will gave to John T. Montgomery $15,000, and to Adeline Connelly $15,000, and gave the residue of her estate, "as follows, in nearly equal proportions, to the family of my dear husband and my own family, viz. :—To the family of my dear husband," &c., naming a number of legatees to whom she gave in the aggregate $27,000.

"To my own family as follows," giving $28,000 to a number of legatees, $8000 of which are to Julia Duval, and $2000 to Adeline Mack. She gave to John T. Montgomery and Adeline Connelly her silver, and also the residue of her estate, share and share alike. Mary Coulter and Ann Coulter subscribed this will as witnesses.

By the second will she gave to John T. Montgomery $15,000, and half of her silverware, and to Adeline Connelly the other half of her silverware. She gave all her furniture to Julia Duval and Adeline Connelly. She gave all the residue of her estate to be divided equally between the children of her sisters Cornelia Connelly and Addie Duval. There were no witnesses to this will. She appointed John T. Montgomery and Edward E. Law, executors of each will. Mrs. Connelly has two children who are amongst the plaintiffs in the issue; Mrs. Duval is dead, leaving six children, two of whom are Julia Duval and Adeline Mack,

[Montgomery *v.* Grant.]

and who are not parties to the issue; the other four children are the defendants.

Julia Duval and Adeline Mack would receive a larger portion of the estate under the will of November 23d, than under the former will.

On the trial, the plaintiffs proved the will of November 18th by the subscribing witnesses, and gave it in evidence. The defendants gave evidence of the handwriting of Mrs. Montgomery, to the will of November 23d. They produced the following paper dated November 7th 1867, viz.:—

"Know all men by these presents, That we hereby and absolutely and irrevocably renounce, disclaim, release, acquit and for ever discharge the estate of Isabel B. Montgomery, deceased, and the executors thereof, of and from all my right and title to and interest in said estate [under her will dated November 23d, a. d. 1865], or any part thereof which disqualifies me from being a witness on behalf of the defendants on the trial of the issues raised in the case of Montgomery *v.* Grant," &c.

(Signed)  Addie Mack.  [Seal]
          Thomas Mack.  [Seal]

The part in brackets was interlined.

Mrs. Mack testified on her *voir dire* :—

"I signed that paper yesterday at Independence Hall—nothing passed as consideration for the execution of it. I signed it for the purpose of being a witness; I signed it at the suggestion of no one; I signed it at my own wish; at the request of my attorney. That interlineation was made after I signed it. I don't know where it was inserted. I employed counsel immediately after Mrs. Montgomery's decease to represent my claim, and have always claimed up to now, when I have relinquished. My attention was called to the interlineation this morning. This morning my husband and I put our initials there as approving the interlineation. Mr. Brewster and Mr. Crawford were my counsel, and they have had the control and direction of the interest ever since. I was present at the hearings before the register. I have no knowledge of what has been done with my interest, except as informed by my counsel."

The defendants called Julia Duval who testified on her *voir dire* that she executed an instrument (shown her,—like Mrs. Mack's, *supra*). "Yesterday in Independence Hall * * I made a release before that; I executed a release at the Register's, to become a witness, at Mr. Brewster's request and my own wish; no one else asked me; I am one of the residuary legatees, under the will of November 23d 1865; this is my initial, made this morning on the release; I never employed counsel in this case; I was

[Montgomery v. Grant.]

frequently at Mr. Brewster's office in connection with this case; I was two or three times before the Register."

The first release executed by the witness is as follows, viz. :—

" KNOW ALL MEN BY THESE PRESENTS, That I, Julia Duval, do· remise, release, quit claim and for ever discharge the estate of Isabel B. Montgomery, deceased, and the executors thereof, of and from any excess of the gifts and benefits to me by her will, dated November 23d 1865, beyond the gifts and benefits to me by her will, dated November 18th 1865.

" (Signed)  JULIA DUVAL." [SEAL]

The defendants having offered Julia Duval and Adeline Mack as witnesses, they were severally objected to by the plaintiffs, on the ground of incompetency, admitted by the court, and bills of exception sealed. They testified to the execution of the will of November 23d by the testatrix.

The verdict was for the defendants. The plaintiffs took a writ of error, and assigned for error the admission of Julia Duval and Adeline Mack as witnesses.

*I. Hazlehurst* and *P. McCall*, for plaintiffs in error.—The witnesses were substantially parties to the issue: Asay *v.* Hoover, 5 Barr 21; Post *v.* Avery, 5 W. & S. 509; Carter *v.* Trueman, 7 Barr 327; Acts of June 16th 1836, Pamph. L. 777, Purd. 446, pl. 103; March 15th 1832, § 41, Pamph. L. 146, Purd. 861, pl. 23; Haus *v.* Palmer, 9 Harris 296.

They were liable for costs because they were substantially parties at the commencement of the action. They could not discharge their liability by a release of their interest: Gallagher *v.* Milligan, 3 Pa. R. 177; Culbertson *v.* Alexander, 5 Watts 496; Hoffman *v.* Strohecker, 9 Id. 183.

As parties they were incompetent under the principle of Post *v.* Avery, *supra;* Wilkinson *v.* Turnpike Co., 6 Barr 398; Wolf *v.* Fink, 1 Barr 435; Parke *v.* Bird, 3 Id. 360; Irwin *v.* Shumaker, 4 Id. 199; Norris *v.* Johnston, 5 Id. 287; Marshall *v.* Franklin Bank, 1 Casey 384; Cambria Iron Co. *v.* Tomb, 12 Wright 387; Noble *v.* Laley, 14 Id. 285; Hartman *v.* Keystone Ins. Co., 9 Harris 476; Steininger *v.* Hoch, 6 Wright 432; Cornell *v.* Vanartsdalen, 4 Barr 365; Graves *v.* Griffin, 7 Harris 176; Bailey *v.* Knapp, Id. 192; Hatz *v.* Snyder, 2 Casey 511; Loudon S. Fund *v.* Hagerstown S. Bank, 12 Id. 498.

*B. H. Brewster*, Attorney-General (with whom was *G. L. Crawford*), for defendants in error.—Interest is the reason for exclusion as a witness: Mant *v.* Mainwaring, 8 Taunt. 139; 2 Camp. 333 n.; Worrall *v.* Jones, 7 Bing. 395; Bate *v.* Russell, 1 Mood. & Malk. 332; Afflelo *v.* Fourdrinier, Id. 334 n.; s. c., 6 Bing.

[Montgomery *v.* Grant.]

306; 1 Phil. Ev. 36; Johnson *v.* Blackman, 11 Conn. 342–6; Kincaid *v.* Purcel, 1 Smith 164; Rohrer *v.* Morning Star, 18 Ohio 579; Sharp *v.* Morrow, 6 Monroe 354–5; Price *v.* Gregory, 4 McCord 261; Canty *v.* Sumpter, 2 Bay 93; Willings *v.* Consequa, 1 Pet. C. C. R. 301; Steele *v.* Phœnix Ins. Co., 3 Binn. 306; Hart *v.* Heilner, 3 Rawle 407; Wolf *v.* Fink, 1 Barr 435; Kirk *v.* Ewing, 2 Id. 453; Parke *v.* Bird, 3 Id. 360; Irwin *v.* Shumaker, 4 Id. 199; Norris *v.* Johnston, 5 Id. 287; Marshall *v.* Franklin Bank, 1 Casey 384; Swanzey *v.* Parker, 14 Wright 454–5; Cambria Iron Co. *v.* Tomb, 12 Id. 394; Noble *v.* Laley, 14 Wright 281; Ryerss *v.* Trustees, 9 Casey 114; Entriken *v.* Brown, 8 Id. 364; Evans *v.* Dela, 11 Id. 451; Kerns *v.* Soxman, 16 S. & R. 315; McIlroy *v.* McIlroy, 1 Rawle 433; Landis *v.* Landis, 1 Grant 248; Leiper *v.* Pierce, 6 W. & S. 555; Patterson *v.* Reed, 7 Id. 144; Reading Railroad Co. *v.* Johnson, Id. 317; Cochran *v.* McTeague, 8 Id. 272; Muirhead *v.* Kirkpatrick, 2 Barr 425; Graves *v.* Griffin, 7 Harris 176; Newlin *v.* Newlin, 1 S. & R. 275; Burd *v.* McGregor, 2 Grant 353; Beaver *v.* Beaver, 11 Harris 167; Burkholder *v.* Lapp, 7 Casey 322; Hinckle *v.* Eichelberger, 2 Barr 483.

The opinion of the court was delivered, February 20th 1868, by SHARSWOOD, J.—This was a feigned issue directed by the Register's Court to try the validity of a paper writing, propounded as the last will and testament of Isabel B. Montgomery, deceased, bearing date November 23d 1865. Mrs. Montgomery had executed a previous instrument of November 18th 1865, the original validity of which was not disputed, but the contention was only as to the second one, which revoked the first. The parties to the issue were the executors and persons claiming under the first, as plaintiffs, and those under the second, as defendants. Adeline Mack and Julia Duval, two of the residuary legatees under the instrument of November 23d, were not named as parties. They were offered as witnesses for the defendants, and having severally executed renunciations or releases to the executors, were admitted and examined. Their competency is the only question now presented.

It is not denied that they would have been entitled to a larger share of the estate under the second than under the first paper. Being thus beneficially interested at the commencement of the proceedings, they were substantially parties to the issue, though not named: Asay *v.* Hoover, 5 Barr 21; Carter *v.* Trueman, 7 Id. 315; Burrows *v.* Shults, 6 Id. 325. They were, therefore, liable for costs, and from this responsibility could not discharge themselves by a release. The opposite parties have a right to look to those who are beneficially interested in the suit: Gallagher *v.*

[Montgomery v. Grant.]

Milligan, 3 Penna. Rep. 178. This, too, was the rule as settled in England before the change recently introduced in the law of that country on the subject of the competency of witnesses. It will be presumed that the proceeding was instituted by the direction of the party interested; and therefore in Bell *v.* Smith, 5 B. & C. 188, in an action by the brokers on a policy of insurance, one of the parties for whose benefit the policy was effected, having released to the plaintiffs, was offered as a witness, and it was held on error in the King's Bench that he was incompetent by reason of his liability for costs. C. J. Abbott said: "There can be no doubt that originally he was substantially, although not nominally, a plaintiff in the cause; and we ought not to be astute to give effect to that which makes the real plaintiff a witness. The action being for his benefit, although brought in the names of the brokers, it must, until the contrary is shown, be presumed that it was brought by him and by his authority." Now, admitting that a responsibility for costs would not attach to a party, who had renounced all claim before the proceedings were commenced, or who, never having made any claim or taken any part in the contest, should execute a formal renunciation or release before examination, yet that must be made to appear affirmatively. The *prima facies* is against it. This was not done in this case. In the examination of the witnesses on their *voir dire*, the contrary rather appeared; certainly the presumption was not removed by anything which was elicited. Mrs. Mack admitted that she had retained counsel to attend to her claim, and Miss Duval had been frequently at his office in relation to it. We are of opinion, therefore, that these witnesses were incompetent, by reason of their personal liability for the costs of the proceeding. This renders it unnecessary to examine any other ground of objection to their competency.

Judgment reversed, and *venire facias de novo* awarded.