## JACOB D. HEFT v. FRANK E. OGLE, ADMR.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILA-
DELPHIA COUNTY.

Argued January 10, 1888—Decided June 28, 1889.

[To be reported.]

In an action by an executor or administrator based on a claim in favor
of the estate, a legatee or distributee, who has parted with his interest
either by release, payment or assignment, is a competent witness for
the plaintiff, unless there is some other ground of exclusion than the fact
that he is a legatee or distributee.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK
and WILLIAMS, JJ.

No. 428 January Term 1887, Sup. Ct.; court below, No. 486
September Term 1884, C. P. No. 1.

On September 20, 1884, Frank E. Ogle, administrator of
Mary F. Ogle, deceased, brought assumpsit against Jacob D.
Heft, surviving partner of Jacob D. Heft and Harry S. Ogle,
trading as Heft & Ogle, to recover the sum of $5,000 alleged
to have been loaned by the decedent to the firm of Heft &
Ogle on May 2, 1873, less the sum of $45 paid on Septem-
ber 25, 1878, on account of the interest. The defendant plead-
ed, non-assumpsit, payment, payment with leave, set-off, and
the statute of limitations.

At the trial on February 9, 1887, before BIDDLE, J., it was
made to appear that Mary F. Ogle, the plaintiff's intestate,
died in July, 1876, leaving to survive her four children, Ma-
ria S., Harry S., Frank E. and Caroline Ogle. Harry S. Ogle
was a member of the firm of Heft & Ogle, and had died after
the death of his mother. Letters of administration upon his
mother's estate were granted to Frank E. Ogle.

Plaintiff called Maria S. Ogle as a witness to prove the loan.
Being a daughter of the decedent, her competency as a wit-
ness was objected to, when there was produced the following
paper:

" Know all men by these presents, that I, Maria S. Ogle, do hereby for myself, my heirs, executors, and administrators, absolutely release, assign, transfer, and discharge unto Frank E. Ogle all my right, title, and interest of whatsoever kind, either in law or equity, of, in and to any sum or sums of money which may be recovered in or which may result from the action of Frank E. Ogle, administrator, against Jacob D. Heft, surviving partner, now pending in the Court of Common Pleas No. 1, of September Term 1884, No. 486, and do discharge him from any liability or accountability to me in any form whatever, for any sum or sums of money which may be recovered in said action.

" Witness my hand and seal the twentieth day of September, A. D. 1884.

[Signed]    MARIA S. OGLE.    [L. S.] "

The witness testified that there was no other agreement between herself and her brother than the writing produced, and that she had then no interest in the moneys sought to be recovered.

The objection being renewed, it was overruled and the witness admitted to testify, generally; exception.[1]

The defendant, to show that no money had been loaned by the decedent to the firm, but that her son, Harry S., had had the book-keeper place to her credit $4,850 which the firm had borrowed from one Hartley Shoesmith and had repaid to him, offered in evidence a check for $1,000, dated July 9, 1879, drawn by Heft & Ogle, to the order of and indorsed by Shoesmith, as proof of repayment of part of such loan.

Objected to; offer refused; exception.[2]

The jury returned a verdict in favor of the plaintiff for $9,115.88. A rule for a new trial having been discharged, the defendant took this writ, assigning for error:

1. The admission of plaintiff's offer.[1]
2. The refusal of the defendant's offer.[2]

*Mr. George Junkin* (with him *Mr. Joseph De F. Junkin*), for the plaintiff in error:

Certainly Maria S. Ogle was interested in the result of the suit, prior to the execution of the paper in evidence. Did its execution render her competent?

1. This being a suit by an administrator of a decedent, to recover an alleged loan made to the defendant firm in her lifetime, the act of 1869 does not apply, and the competency of the witness must be decided as if that law had not been enacted: Hoopes v. Beale, 90 Pa. 82. Had the witness simply released her interest in the sum sought to be recovered, to the administrator, beyond all doubt she would have been made competent; for a distributee cannot be forced to accept a share of the decedent's estate. But when a distributee not only does not decline but actually accepts the share, and then makes an assignment or sale of it, either colorable or for value, and then is offered as a witness to support the claim, the law rejects such a witness: Post v. Avery, 5 W. & S. 509; Leiper v. Peirce, 6 W. & S. 555; Patterson v. Reed, 7 W. & S. 146; McClelland v. Mahon, 1 Pa. 364; Clover v. Painter, 2 Pa. 46; Asay v. Hoover, 5 Pa. 21; Montgomery v. Grant, 57 Pa. 243; Grayson's App., 5 Pa. 395; Graves v. Griffin, 19 Pa. 176; Bailey v. Knapp, 19 Pa. 192; Lindsley v. Malone, 23 Pa. 24; Hatz v. Snyder, 26 Pa. 511.

2. It may be claimed that in this case the interest is collateral, and not direct, and that that should make a difference. Why should it? In Asay v. Hoover, 5 Pa. 21, which was a contest relating to land the ownership of which was cast upon the heir, the court held that the witness could not assign his interest and then come in and swear his title through. Suppose it had been a distributive share or a legacy, cast upon him or given to him by will, does the fact that he must get it through the personal representative interfere with his interest or with the reasons of public policy which will exclude him? Haus v. Palmer, 21 Pa. 297, was a feigned issue. Mary Norman, a legatee, assigned her legacy to her mother, and was admitted as a witness. But this court held her incompetent. So in Hitner's App., 54 Pa. 110, the widow of a decedent executed an assignment of her interest in the estate to her son. She was rejected as a witness by the court below, and the rejection was affirmed. The law of Post v. Avery, Haus v. Palmer and Hitner's Appeal, is the true law of this state. A legatee or distributee may decline to accept the share or legacy, and by executing a release to the estate become a competent witness; but he cannot accept and then assign, for a valuable

or other consideration, and then come in to support the sale or assignment by his oath.

*Mr. A. T. Freedley* and *Mr. Wm. Henry Rawle*, for the defendant in error:

1. It is well settled, that in actions by or against executors or administrators, a party to the record, or the assignor of the claim sued upon, cannot testify, even if he have assigned or released his interest; nor can one who, although not nominally, is yet substantially a party to the record, as in cases of legatees or distributees in feigned issues, or in matters involving the settlement of the estate. But, on the other hand, it is equally well settled that in an action by an administrator against a third person, a legatee or distributee who has parted with his interest is a competent witness. And it is immaterial whether such interest has ceased by assignment, by transfer, by payment, or by release, for when the interest from whatever cause ceases, the disqualification ceases: Dellone v. Rehmer, 4 W. 9; Steininger v. Hoch, 42 Pa. 432; Forrester v. Torrence, 64 Pa. 31; 1 Greenl. Ev., § 430; Miller on Witnesses, 58.

2. The witness was not the plaintiff in the action, nor could she ever have been; nor was she the assignor of the claim sued upon; hence she did not first raise the claim and then support it by her testimony. Her interest, apart from the assignment, was wholly a collateral interest in the sum which might be recovered; and it has always been the law that when such interest was divested by assignment or any other species of transfer, the witness thereby became competent. Thus in Commonwealth v. Ohio & P. R. Co., 1 Gr. 348, BLACK, J., said: "When the interest of the witness is collateral, his competency may be restored by a release or a transfer of it. The rule in Post v. Avery, applies only to persons who have assigned choses in action, on which the recovery should have been for their own use, if no assignment had been made. . . . . . The rule in question is not leveled against interested witnesses, but is founded in the policy of stopping a disinterested party from testifying in favor of one who sues in his right." See also, Cornell v. Vanartsdalen, 4 Pa. 364.

3. The cases which are cited against the position taken fall within one of three heads, to wit: (*a*) Where the proffered

witness was actually a party to the record, as in Post v. Avery, 5 W. & S. 509; Leiper v. Peirce, 6 W. & S. 555; Patterson v. Reed, 7 W. & S. 146; McClelland v. Mahon, 1 Pa. 364; Clover v. Painter, 2 Pa. 46. (b) Where the proffered witness, although not nominally was yet substantially a party to the record, as in feigned issues and litigations winding up the settlement of estates: Haus v. Palmer, 21 Pa. 297; Asay v. Hoover, 5 Pa. 21; Montgomery v. Grant, 57 Pa. 243; Hitner's App., 54 Pa. 110; Fross's App., 105 Pa. 266; Hamburg Bank's App., 4 Cent. R. 921. (c) Where the proffered witness was the assignor of the thing in action, or a party to commercial paper: Grayson's App., 5 Pa. 395; Bailey v. Knapp, 19 Pa. 193; Lindsley v. Malone, 23 Pa. 25; Hatz v. Snyder, 26 Pa. 511; Fross's App., 105 Pa. 266.

OPINION, MR. JUSTICE STERRETT:

This suit was brought by Frank E. Ogle, administrator of Mary F. Ogle, deceased, against Jacob D. Heft, who survived Harry S. Ogle, late partners as Heft & Ogle, to recover money alleged to have been loaned to said firm by plaintiff's intestate, Mary F. Ogle, who died leaving, as her only heirs-at-law, four children, viz., Maria S., Harry S. (deceased member of Heft & Ogle), Frank E. (the administrator), and Caroline Ogle.

On the trial, plaintiff below called his sister, Maria S. Ogle, to substantiate the claim in suit. The witness being objected to as incompetent, he proved and put in evidence a paper, signed and sealed by her, wherein she absolutely releases, assigns and transfers to her brother, Frank E. Ogle, individually, all her "right, title, and interest of whatsoever kind, either in law or equity, of, in and to any sum or sums of money which may be recovered or which may result from" this suit, and discharges "him from all liability or accountability . . . . . in any form whatever, for any sum or sums of money which may be recovered in said action." The witness also testified, on her voir dire, that there was no other agreement between herself and her brother, and that she then had no interest in the fund. The objection was overruled, and bill sealed for defendant below.

The question thus presented in the first specification is, whether the learned judge erred in ruling as he did. We are of opinion that he did not. The witness was not a party to

the record.   She was neither the owner nor the assignor of the claim in suit; nor could she, individually, in her own right, ever have been plaintiff in an action to recover the same.   She was not a party in interest, because, prior to suit brought, she absolutely released and transferred to her brother, individually, all the interest she ever had or could have in the amount that might be recovered.   She was therefore competent to testify, and no policy of law excluded her.   On the contrary, the policy of the law is rather to favor the admission of witnesses who are divested of all interest.   Whenever it is practicable to do so, the tendency of modern legislation, as well as judicial decision, is to let questions of policy, interest, etc., go to the credibility, rather than to the competency of witnesses.

On principle as well as authority, it ought to be considered settled that in an action by an executor or administrator, based on a claim in favor of the estate he represents, a legatee or distributee who has parted with his interest, either by release, payment, or assignment, is a competent witness for plaintiff, unless there is some ground of exclusion other than the fact that he is a legatee or distributee, and as such was previously interested in the result of the suit: 1 Greenl. Ev., §§ 419, 430; Miller on Witnesses, 58; Scott v. Lloyd, 12 Pet. 145; Gebhart v. Shindle, 15 S. & R. 235; Dellone v. Rehmer, 4 W. 9; Commonwealth v. Ohio & P. R. Co., 1 Gr. 348; Cornell v. Vanartsdalen, 4 Pa. 364; Carter v. Trueman, 7 Pa. 315; Steininger v. Hoch, 42 Pa. 432; Forrester v. Torrence, 64 Pa. 29; Brant v. Dennison, 3 East'n R. 9; s. c., 1 Cent. R. 400.

In some of our cases there is more or less confusion of thought, arising from the failure to properly distinguish those of the class to which the one now before us belongs, from cases in which the proffered witness was either actually or substantially a party to the suit, or in which he was the assignor of the thing or contract in action, a party to a negotiable instrument, or otherwise incompetent on the ground of public policy. In Haus v. Palmer, 21 Pa. 296; Montgomery v. Grant, 57 Pa. 243; Grayson's App., 5 Pa. 395; Bailey v. Knapp, 19 Pa. 193; Hatz v. Snyder, 26 Pa. 511; Fross's App., 105 Pa. 258, 266, and kindred cases, witnesses were excluded for one or other of the reasons above stated.   Some of those grounds of exclusion are now greatly restricted by legislation of comparatively recent date.

In Commonwealth v. Ohio & P. R. Co., supra, Mr. Justice BLACK notices the distinction between an interest that is collateral and one that is direct, as follows : " When the interest of the witness is collateral, his competency may be restored by a release or transfer of it. The rule in Post v. Avery applies only to persons who have assigned choses in action on which the recovery would have been for their own use, if no assignment had been made. Its object is to prevent a party from transforming himself into a witness by the magic of a bit of paper. It forbids one who assigns a claim to sell his oath along with it. But a person who has a merely incidental interest in the result, an interest which arises entirely out of the fact that the record may be evidence for or against him in some other action, may divest himself of such interest, and if he does so at any time before he is offered as a witness, his testimony must be received. For instance, a stockholder in a corporation may transfer his stock and become a witness for the company ; a legatee may dispose of his interest in the estate and testify for the executors ; an attorney who has a contingent fee may release it and give evidence in favor of his client. The rule in question is not leveled against interested witnesses, but is founded in the policy of stopping a disinterested party from testifying in favor of one who sues in his right."

Brant v. Dennison, supra, was an action of ejectment against a mortgagor by the administrators of the mortgagee who died intestate, unmarried and without issue. On the trial, a niece and heir-at-law of the intestate, and wife of one of the administrators, was called by them to sustain the mortgage on which the action was based. Being objected to as incompetent, because she was the wife of one of the plaintiffs and also a distributee of the estate represented in part by her husband, and therefore interested, it was shown that she had previously executed and delivered to a third party an assignment of all her interest in the mortgage in controversy ; and on the authority of Carter v. Trueman, Steininger v. Hoch, and kindred cases, it was held that inasmuch as she was not a party to the suit, either actually or substantially, and her interest as distributee, so far as the claim in suit was concerned, having been divested by the assignment, she was a competent witness. In principle, that case is not essentially different from the one under consideration. The first specification of error is not sustained.

There was no error in rejecting the offer of evidence recited in the second and last specification.

Judgment affirmed.