# Forrester and Kline *versus* Torrence, Administrator, &c., of Kline.

1. A distributee released to the administrator all his right to what might be recovered in a suit brought by the administrator.  *Held*, that he was a competent witness.

2. A witness divesting himself of a mere collateral interest in the event of the suit, is not within the rule in Post *v.* Avery, 5 W. & S. 509.

3. At an arbitration the plaintiff examined a defendant as a witness. *Held*, that this rendered the defendant a competent witness on her own behalf, on the trial of the same case in court.

January 26th 1870, at Philadelphia.  Before THOMPSON, C. J., READ, SHARSWOOD and WILLIAMS, JJ.  AGNEW, J., at Nisi Prius.

Error to the Court of Common Pleas of *Northumberland county:* Of October Term 1869.

This was an action on the case in trover, brought September 12th 1866, by Irvin H. Torrence, administrator, &c., of Herman Kline, deceased, against Ira M. Forrester and Nancy Kline, for certain United States bonds and money alleged by the plaintiff to have belonged to the decedent at the time of his death and to

[Forrester *v.* Kline.]

have been converted by the defendants to their own use. The case had been heard before arbitrators and brought into the Court of Common Pleas by appeal. The decedent left no children or other lineal descendants, but left a widow, Nancy Kline, one of the defendants, two brothers, Isaac Kline and Henry Kline and the children of a deceased sister.

The case was tried, January 19th 1869, before Jordan, P. J.

The plaintiff gave evidence of the ownership by the decedent of property in dispute and of its having been in the possession of the defendants after his death.

The plaintiff called Henry Kline, the brother, as a witness, and exhibited a release from him to the administrator of all his interest in what might be recovered in the suit. The witness was also examined on his *voir dire*, and testified that he had assigned all his interest in the estate to his sons on the day of the arbitration and before he executed the release, but had not delivered the assignment to them. The defendants objected to the admission of the witness. The court overruled the objection admitted the witness to testify and sealed a bill of exceptions.

After the plaintiff had closed and the defendants had given some evidence for the purpose of proving that the property in dispute had been given to them by the decedent in his lifetime, they called Solomon Malick, who had been one of the arbitrators, and "proposed to prove by him that Nancy Kline was called as a witness by plaintiff to maintain the issue on his part, and that he reduced her testimony to writing, and has it here in court. This is offered for the purpose of reading that testimony to the court and jury; or if that should not be admissible, then for the purpose of introducing her as a competent witness in the case."

The plaintiff objected to the offer—it was rejected, and a bill of exceptions was sealed.

They then called Nancy Kline as a witness. The plaintiff objected on ground that she was a party to the suit—incompetent on the ground of interest. The court refused to admit the witness, and sealed a bill of exceptions.

The verdict was for the plaintiff for $4310.

The defendants took a writ of error; and assigned for error the several decisions of the court as to the offers of witnesses.

*G. W. Ziegler* and *J. B. Packer*, for plaintiffs in error.—As to the first bill of exceptions, cited Haus *v.* Palmer, 9 Harris 296; Asay *v.* Hoover, 5 Barr 21; Post *v.* Avery, 5 W. & S. 509; Gallagher *v.* Milligan, 3 Penna. R. 178; Montgomery *v.* Grant, 7 P. F. Smith 243. As to second and third bills: Seip *v.* Storch, 2 Id. 210; O'Connor *v.* American Iron M. Co., 6 Id. 234; 1 Greenl. Ev. § 324; Linfield *v.* Old Colony Railroad, 10 Cush.

[Forrester *v.* Kline.]

570; Calhoun *v.* Hays, 8 W. & S. 130; Haupt *v.* Henninger, 1 Wright 138.

*W. M. Rockefeller* and *J. W. Comly* (with whom was *S. P. Wolverton*), for the defendant in error.—As to the first bill, cited Carter *v.* Trueman, 7 Barr 315; Woods *v.* Williams, 9 Johns. 123. As to the second and third bills: Stockton *v.* Demuth, 7 Watts 39; Floyd *v.* Bovard, 6 W. & S. 75; Turner *v.* Waterson, 4 Id. 171; Seip *v.* Storch, *supra;* Baker *v.* Williamson, 4 Barr 456.

The opinion of the court was delivered, February 8th 1870, by SHARSWOOD, J.—The 1st assignment of error is the admission of Henry Kline as a witness for the plaintiff below, who was the administrator of Herman Kline, deceased. He was entitled to a share of the estate of the decedent under the intestate laws, and was therefore primâ facie an interested witness. To meet this objection, a release by him to the plaintiff was offered and admitted. On his voir dire he stated that he had assigned all his interest to his sons. As he added that he had never delivered the assignment to them, some question has been raised as to whether it was effectual. But it is not material, as either by the assignment or the release to the administrator, he was rendered competent. In Carter *v.* Trueman, 7 Barr 315, it was held that the widow of an intestate having executed a release to the administrator for a nominal consideration, and solely for the purpose of making herself a witness, was competent; and in Steininger *v.* Koch, 6 Wright 432, the residuary legatee of a testator, upon her assignment to the executor of all her interest in the suit, was admitted. It was considered that the rule in Post *v.* Avery, 5 W. & S. 509, did not apply to a mere collateral interest in the event of the suit; for that a witness might divest himself by an assignment. In that respect it is like the interest of a stockholder in a corporation: Hartman *v.* Keystone Insurance Co., 9 Harris 466; Commonwealth *v.* The Ohio and Pennsylvania Railroad Co., 1 Grant 348. The cases of Asay *v.* Hoover, 5 Barr 37; Burrows *v.* Shultz, 6 Id. 325, Haus *v.* Palmer, 9 Harris 296, and Montgomery *v.* Grant, 7 P. F. Smith 243, were all cases of feigned issues, where the witness offered was really though not nominally a party, and had incurred a responsibility for the costs, which, of course, could not be shaken off by a release. So, in Gallagher *v.* Milligan, 3 Penna. Rep. 177, though not a feigned issue, the witness was substantially a party; and that case rests upon the same principle as Bell *v.* Smith, 5 B. & C. 188, an action which was prosecuted in the names of the brokers on a policy of marine insurance, where their principal was declared to be incompetent

[Forrester *v.* Kline.]

on the same ground. We think, therefore, that there was no error in the admission of the witness.

The 2d assignment of error is, that the court erred in rejecting the notes of the testimony of Nancy Kline, one of the defendants below, as given by her when called and examined before the arbitrators, to whom the action had been referred under the Act of June 16th 1836, § 8, Pamph. L. 719. Had Nancy Kline been dead, or if she had removed out of the state, there would have been some reason for this offer; but no preliminary proof of either of these facts was proposed to be given, nor any other ground laid for the admission of what was clearly only secondary evidence. It would have been contrary to all rule and precedent to have permitted her deposition or the notes of her testimony on a former trial to have been read under these circumstances. There was, therefore, no error in this ruling of the learned court below.

The 3d error assigned is in the rejection of Nancy Kline as a witness when called and offered on the part of the defendants. In connection with this offer, it had previously been proposed to prove by Solomon Malick, one of the arbitrators in the cause, that Nancy Kline, though one of the defendants, had been produced and examined as a witness by the plaintiff on the hearing before them. This, according to our decisions, rendered her a competent witness for the defendants: Patterson *v.* Wallace, 8 Wright 88; Seip *v.* Storch, 2 P. F. Smith 210; O'Connor *v.* The American Iron Mountain Co., 6 Id. 234; Bennett *v.* Williams, 7 Id. 404. In the case last cited the plaintiff took the deposition of the defendant under a rule of court to be used on the trial. It was held that he thus made him a competent witness in the cause for all purposes. It is not easy to distinguish the principle of that case from this. From analogy, it ought not to make any difference that the testimony was given on a former trial or in a former proceeding, as long as it was in the same cause. Thus, in Maclay's Lessee *v.* Work, 10 S. & R. 194, it was decided that if a party produce a letter in evidence, that is sufficient to make it admissible for the opposite party in a subsequent trial, though otherwise it would have been incompetent for him; and in Stiles *v.* Bradford, 4 Rawle 394, where a deposition offered had been previously read on the hearing of a rule for a feigned issue, it was agreed that all objections to the competency of the witness were thereby waived, and if he had not been alive, and within the reach of a subpœna, it could have been used by the opposite party on the trial. See Yohe *v.* Barnet, 3 W. & S. 88. There are good reasons for thus holding; for by calling and examining the witness, the plaintiff fully accredited her as worthy to be believed. Having done so once in the cause, he ought not to be allowed to object to her afterwards. Such a course would be likely to mislead his opponent, to induce him to believe that she would be

[Forrester *v.* Kline.]

called again, and to make his preparations on that expectation. We think, therefore, that the witness was competent, and ought to have been admitted.

Judgment reversed, and *venire facias de novo* awarded.