## APPEAL OF WILLIAM C. DAISZ, EXR.

### [ESTATE OF CHRISTOPHER DAISZ, DECEASED.]

#### FROM THE DECREE OF THE ORPHANS' COURT OF LANCASTER COUNTY.

Argued May 23, 1889—Decided October 7, 1889.

1. On account of the identity of interest of husband and wife, where one of them is incompetent to testify as a witness, the other also is incompetent: Bitner v. Boone, ante, p. 567.
2. Specific performance of a contract to convey land will not be decreed, where the terms of the contract are not shown, delay in instituting the proceeding is unexplained, and the whole matter rests upon inference.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 65 July Term 1889, Sup. Ct.; court below, number and term not shown.

On June 18, 1888, the account of William C. Daisz, acting executor of the will of Christopher Daisz, deceased, was presented and confirmed nisi. Exceptions having been filed, *Mr. D. McMullen* was appointed auditor, to pass upon the exceptions and to report a distribution of the balance found to be in the hands of the accountant.

Before the auditor it appeared that Christopher Daisz died testate on March 27, 1887, leaving to survive him one son, one of his executors and the accountant; two married daughters, Mrs. Anna Bush, wife of Matthew D. Bush, and Mrs. Ada Black, wife of Harry Black; and the children of a deceased daughter, Mrs. Kate Lorenz. During the hearing it was agreed by all parties in interest "that the auditor shall pass upon the question whether the right to the house and lot, No. 506 West Lemon street, is in the estate of Christopher Daisz, or in Mrs. Anna Bush; if in the estate, then the executors to pass the deed now held by them to Mrs. Anna Bush, who shall take the property as part of her share in the estate at the valuation of $1,500; if in Mrs. Bush, the deed to be surrendered

to her; the executors and Mrs. Bush reserving the right to file exceptions to the report of the auditor and to appeal to the Supreme Court."

Mr. Brown, counsel for Mrs. Bush called her husband, Matthew D. Bush, as a witness. The witness was objected to as incompetent.

Upon the foregoing question submitted to him, the auditor heard the testimony of Mr. Bush and other witnesses, and found in substance as follows:

On May 2, 1882, the West Lemon street property was purchased from Silas L. Tucker, and paid for by Christopher Daisz, who directed that the deed should be made to his daughter, Mrs. Anna Bush. The deed was duly executed and acknowledged and Mrs. Bush took possession of the premises. On September 5, 1884, Mrs. Bush bought another house in New street for $2,600, giving in part payment therefor a check for $575, drawn by Christopher Daisz to her order and dated September 4, 1884. On the same day, she drew from bank a deposit of $1,000.21 which balanced her account, and on the following day obtained the money on a check drawn by Christopher Daisz to her order for $1,000. Some time before the death of Christopher Daisz, Matthew D. Bush, the husband of Anna Bush, brought the deed to Mrs. Bush for the West Lemon street house, to one Charles Frailey, a conveyancer, who drew a deed for the said premises from Anna Bush and Matthew D. Bush to Christopher Daisz, and took it, with the deed brought to him by Matthew D. Bush, to Christopher Daisz, and left both deeds with him. Frailey testified that he presumed he did this under instructions from Matthew D. Bush, but he did not remember their conversation, and that he thought it occurred two or three years prior to the date his testimony was given, but could not tell the exact date. After September 5, 1884, the rent from the West Lemon street house was paid to Christopher Daisz; after May 2, 1885, it was insured in his name, and after 1886 it was assessed in his name and he paid the taxes, until his death on March 27, 1887. Among his papers were then found the deed to his daughter Anna Bush, for the West Lemon street property, and also the unexecuted deed for the same, from her and her husband to said Christopher Daisz.

Christopher Daisz by his will directed that his property should be divided equally among his children, and "in order to equalize the shares of each of my children I direct that the following sums advanced to them shall be charged against them as follows, to be carried into the general fund of the estate and to be deducted from their respective shares, viz. : . . . . Anna, fifteen hundred and seventy dollars for money advanced to her for a house."

Upon the foregoing facts, the auditor, citing Bowers v. Bowers, 95 Pa. 477 ; Allison v. Burns, 107 Pa. 50 ; Moyer's App., 105 Pa. 432 ; Lord's App., 105 Pa. 459 ; McKowen v. Donald, 43 Pa. 441 ; Overmeyer v. Koerner, 81* Pa. 517 ; Eberly v. Lehman, 100 Pa. 544 ; and Jamison v. Dimock, 95 Pa. 52, reported that he failed to find any thing that satisfied him that the West Lemon street property, the legal title to which had been in Mrs. Anna Bush since 1884, did not rightfully belong to her, and recommended a decree that the exception relating to said property be dismissed, and that the executors be ordered to surrender to Mrs. Bush the deed from Silas L. Tucker to her.

The accountant filed exceptions to the report, alleging that the auditor erred :

1. In finding that the legal title to said property had been in Mrs. Bush since 1884.

2. In ordering that the deed for the property should be surrendered to Mrs. Bush.

3. In admitting the testimony of Matthew D. Bush.

The said exceptions having been argued before the court in banc, LIVINGSTON, P. J., they were all dismissed, and the auditor's report confirmed. Thereupon the accountant took this appeal, assigning the overruling of the said several exceptions as error.

*Mr. A. C. Reinœhl*, for the appellant.

*Mr. J. H. Brown*, for the appellee.

OPINION, MR. JUSTICE CLARK :

Under the ruling of this court in Bitner v. Boone, a case from Lancaster county argued at this term and not yet reported,

[ante, p. 567], the auditor erred in not excluding the evidence of Matthew D. Bush, who, as the husband of Mrs. Anna Bush, an interested party, was incompetent.    But, excluding this evidence, there was sufficient to justify the auditor's conclusions, and the decree of the court.    There was other evidence from which the delivery of the deed from Silas L. Tucker to Mrs. Bush might fairly be inferred.    Charles Frailey testifies that he found the deed in her husband's hands; that her husband gave him the deed, with instructions to prepare a deed to Christopher Daisz, which he did, and placed both the executed and the unexecuted papers in the hands of Daisz, where they appeared to have remained until the time of his decease.    The deed having been passed out of Tucker's hands and found in the hands of the daughter's husband, it is fair to infer, in the absence of all proof to the contrary, that the deed had been delivered.    There is evidence that, on September 4, 1884, Daisz advanced $1,575 to his daughter, but apart from the fact that Daisz entered into, and remained in, the reception of the rents, there is absolutely no evidence that the daughter at any time in fact agreed to convey the property.    The existence of a contract rests upon a mere implication which is supposed to arise from the facts stated.    The terms of the contract, if any existed, are not shown; the delay is not explained; the whole matter rests upon mere conjecture.    Under such proofs, specific performance would not be decreed.

> The decree of the Orphans' Court is affirmed, and the appeal dismissed at the cost of the appellant.