## Sutherland, Appellant, *v.* Ross.

*Evidence—Party dead—Deed—Acknowledgment—Act of May* 23, 1887.

Where the date of the acknowledgment of a deed is within the lifetime of the grantee, the grantor and his wife are not competent witnesses after the death of the grantee to testify that the deed was a forgery, and that on the day of the alleged acknowledgment they were not in the county specified in the certificate.

Argued Feb. 1, 1894.　Appeal, No. 162, Jan. T., 1894, by plaintiff, James Sutherland, from judgment of C. P. Montgomery Co., March T., 1892, No. 127, on verdict for defendant, William Ross.　Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.

Ejectment.　Before SWARTZ, P. J.

On the trial defendant offered in evidence deed of James Sutherland and wife to Nicholas F. Dager, dated Feb. 14, 1877, acknowledged Feb. 15, 1877, and recorded April 2, 1877.　He offered the deed, and proposed to prove it by its record and the certificate of the justice of the peace.

Plaintiff objected to the admission of the deed in evidence simply upon its record, (1) because the certificate of acknowledgment indorsed thereon that plaintiff and his wife personally appeared before William Haywood, a justice of the peace in Montgomery county, and in due form of law acknowledged the said deed, is false, and therefore void, the affidavits of the

plaintiff and his wife and the subscribing witness being presented to the court, that neither of them was in any part of Montgomery county on the day said acknowledgment purports to have been taken. Defendant objects to the affidavits. Plaintiff's objection overruled. Bill sealed. [1]

Plaintiff objected (2) because the deed is not a mere link in the title but purports to be direct from the plaintiff and his wife to their alleged grantee, Nicholas F. Dager, and being produced by defendant in court could be proved irrespective of its record, both the alleged grantors and subscribing witnesses being present in court, especially as, on Sept. 28th last, notice in writing was served on defendant's attorneys that plaintiff claimed said deed to be a forgery, and that defendant would be called upon to prove its execution, and acceptance of service of said notice being produced to the court. Objection overruled. Bill sealed. [2]

Defendant also offered in evidence deed dated April 3, 1877, from Nicholas F. Dager and wife to William Ross for the premises described in the writ; acknowledged April 3, 1877; recorded April 3, 1877.

Mary Powell testified that she was not in Montgomery county on Feb. 15, 1877, and did not sign the deed first mentioned as a witness.

It was agreed that Nicholas F. Dager, the grantor in the deed, died somewhere in the year 1878, subsequent to the time of the alleged execution of the deed from Sutherland to Dager.

Plaintiff offered to prove by his own testimony that on Feb. 15, 1877, he was not anywhere within Montgomery county, Pa.; and that the certificate of the justice of the peace of Montgomery county, attached to the deed offered in evidence by the defendant, was false. Objected to. Objection sustained. Bill sealed. [3]

Same offer made with Agnes Sutherland, wife of plaintiff. Same ruling. [4]

*Errors assigned* were (1–4) rulings on evidence, stating substance of rulings, but not quoting bills of exceptions.

*John M. Arundel,* for appellant, cited: Bolton v. Johns, 5 Pa. 149; Cochran v. Eldridge, 49 Pa. 370; 2 Whart. Ev. §§ 115,

1052; Garrigues v. Harris, 17 Pa. 350; Jackson v. Litch, 62 Pa. 451; Helser v. McGrath, 52 Pa. 531; Schnable v. Doughty, 3 Pa. 392; Act of May 28, 1715, 1 Sm. L. 94; Myers v. Boyd, 96 Pa. 427; Goepp v. Gartiser, 35 Pa. 133; Bolton v. Johns, 5 Pa. 149; Duncan v. McCullough, 4 S. & R. 481; Gamble v. Woods, 52 Pa. 158; Neeld's Ap., 70 Pa. 113; Taylor's Ap., 119 Pa. 297; Knox v. Flack, 22 Pa. 337; Com. v. Emery, 2 Gray, 80; Hart v. Yunt, 1 Watts, 253; Shoenberger v. Hackman, 37 Pa. 93; Church v. Church, 25 Pa. 278; 1 Greenl. Ev. 91; Starkie Ev. 189, 191; Draper v. Hatfield, 124 Mass. 53; Blanchard v. Young, 11 Cushing, 345; Cockran v. Eldridge, 49 Pa. 370; Act of May 23, 1887, P. L. 157; Hall v. Patterson, 51 Pa. 289; Williams v. Baker, 71 Pa. 476; McCandless v. Engle, 51 Pa. 309; Jamison v. Jamison, 3 Whart. 457.

*Louis M. Childs* and *Montgomery Evans*, for appellee, not heard, cited: Brotherton v. Livingston, 3 W. & S. 334; Jones v. Porter, 3 P. & W. 132; Kelly v. Dunlap, 3 P. & W. 136; Keichline v. Keichline, 54 Pa. 75; Sutherland v. Ross, 140 Pa. 379; Roth's Estate, 150 Pa. 261; Act of May 28, 1715, § 5, 1 Sm. L. 95.

PER CURIAM, February 12, 1894:

The decision of this case when it was here before, 140 Pa. 379, covers all the questions on the present record. We then decided that the plaintiff and his wife were both incompetent to prove any facts occurring before the death of Dager. The acknowledgment of the deed being dated February 15, 1877, and Dager not having died until after that time, the plaintiffs were incompetent to prove any fact whatever by their own testimony, which occurred on that day or before, or at any time before the death of Dager. We decided this before and it is not necessary to review the subject again. The offer now to prove that Sutherland and his wife were not in the county of Montgomery on Feb. 15, 1877, by their own testimony, is as much within the ruling as any other fact offered to be proved by the same testimony on the former trial. The record of the deed was competent proof under our recording acts, but, as we understand, the deed itself was also given in evidence. The witness Mary Powell could have been asked whether the signature purporting to be hers

as a subscribing witness was a genuine or a forged signature, but instead of that she was only asked whether she was in Montgomery county on that day and signed as a witness a deed from plaintiff and wife to Dager. The ex parte affidavits of the plaintiff and his wife and of Mary Powell of course were not competent.

Judgment affirmed.