## Myers *v.* Litts.

*Evidence—Competency of witness—Party dead.*

In an action to recover damages for an alleged wrongful removal and sale of personal property the plaintiff is an incompetent witness to testify that he leased the property by an oral lease from a person who was dead

at the time of trial and whose right thereto has passed to the defendant in the action. The plaintiff being incompetent his wife was also incompetent.

*Appeals—Assignments of error—Evidence.*

The Supreme Court will not consider an assignment of error to a ruling on evidence, where the assignment does not set out the testimony given under the offer to which objection was made.

Argued Feb. 20, 1900. Appeal, No. 275, Jan. T., 1899, by plaintiff, from judgment of C. P. Lackawanna Co., May T., 1894, No. 264, on verdict for defendant, in case of A. S. Myers v. William P. Litts. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass to recover damages for the alleged wrongful removal and sale of stock and farming implements. Before ARCHBALD, P. J.

At the trial counsel for plaintiff offered to prove by the plaintiff that on or about August 21, 1893, in the city of Scranton, the witness entered into a verbal lease with Susan A. Vosburg, who at that time was the owner of the farm and personal property in question, by which he became the lessee and Susan A. Vosburg, the lessor, the agreement being substantially as follows : Andrew S. Myers, the plaintiff, the present witness, agreeing to work the place in question upon shares, and to have the use of all the personal property, including cattle, stock, hay, grain, etc., on the farm, beginning on April 1, 1894, for one year or longer; that Susan A. Vosburg consented and agreed to the lease in question, and that in pursuance of that lease Andrew S. Myers took possession of the premises and the personal property in question; that afterwards on April 5, 1894, William P. Litts, the defendant and others, proceeded and sold the personal property upon the premises, contrary to notice given to him on several occasions on said date, and taking the property, this personal property, to their own use.

Mr. Newcomb: The offer as a whole is objected to by counsel for defendant on the ground that the witness is incompetent to testify to so much thereof as relates to the parol contract or any transaction that took place between himself and his mother, now dead, and of whom he claims. The offer is further objected to as incompetent, irrelevant and immaterial.

Mr. Soper: In answer counsel for plaintiff says that Susan A. Vosburg, if that is the intention of the objection, is not a party to the record in this case; that she is not interested either directly or indirectly in the outcome of this suit; and that the said Susan A. Vosburg is not in any way interested in the outcome of the suit neither does it affect her estate.

The Court: I think this principle is ruled by the case of Kyte v. Foran, 167 Pa. 252. I happen to be familiar with that case, as I tried it in Susquehanna county. I have an opinion in report manuscript of the court below. While it is not exactly this, in that it is not on all fours with that case, still I think in principle it is. I will sustain the objection. Seal a bill for the plaintiff. That is, as to anything occurring during the lifetime of Susan A. Vosburg.

Exception is noted for the plaintiff at whose request a bill is sealed. [1]

Counsel for plaintiff also offered to prove by the wife of the plaintiff that in August, 1893, she was present and overheard the agreement made between the plaintiff and Susan A. Vosburg, whereby the plaintiff leased the farm in question and the personal property from Susan A. Vosburg, the said lease to begin on April 1, 1894.

Mr. Newcomb. The offer is objected to on the ground that the witness is incompetent, being the wife of the plaintiff, and therefore disqualified in instances where he would be disqualified.

The Court. This offer relates to matters in the lifetime of Mrs. Vosburg, and as the plaintiff would be incompetent, so the witness under the law is also.

Exception is noted for the plaintiff at whose request a bill is sealed. [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* among others were (1) rejection of plaintiff as a witness; (2) rejection of plaintiff's wife as a witness; (4) the overruling of an objection to the admission of certain testimony, without setting out the testimony given under the offer to which the objection was made.

*C. H. Soper*, for appellant.—Plaintiff was a competent witness: Strause v. Braunreuter, 4 Pa. Superior Ct. 263; Dickson

v. McGraw, 151 Pa. 98; Gold v. Scott, 5 Pa. Superior Ct. 262; Royer v. Ephrata Boro., 171 Pa. 429; Dutton's Est., Beatty's App., 181 Pa. 426; Sargeant v. Nat. Life Ins. Co., 189 Pa. 341; Amer. Life Ins., etc., Co. v. Schultz, 82 Pa. 46; Van Horne v. Clark, 126 Pa. 411.

*E. C. Newcomb,* with him *John P. Kelley,* for appellee.— Plaintiff was incompetent: Baldwin v. Stier, 191 Pa. 432.

OPINION BY MR. JUSTICE FELL, May 7, 1900:

The assignment to be noticed relates to the competency of the plaintiff as a witness in his own behalf. The action was trespass to recover damages for the alleged wrongful removal and sale of stock and farming implements, the right to the possession of which the plaintiff claimed. The property in question was owned by Susan A. Vosburg. The plaintiff claimed that he had entered into an oral lease with her for her farm and the stock and implements for one year, and his right to the possession of the property was based on the lease. The defendant Litts sold the property at auction as agent for Mrs. Vosburg under a written power of attorney. The question of fact on which the case turned was whether a lease had been made. Mrs. Vosburg died before the trial.

When the plaintiff was called to testify in his own behalf there were fifteen defendants, fourteen of whom were purchasers at the sale and had no other connection with the matter. The offer was to prove by him the oral lease, and thus to establish his title as against that of the deceased grantor of the defendants, who was "a party to the thing or contract in action," and whose right thereto had passed by her act to the defendants on the record. The exclusion of the plaintiff as a witness is fully sustained by the decisions in Arrott Mills Co. v. Way Mfg. Co., 143 Pa. 435, Crothers v. Crothers, 149 Pa. 201, and Baldwin v. Stier, 191 Pa. 432. The witness being incompetent his wife was also incompetent: Bitner v. Boone, 128 Pa. 567; Sutherland v. Ross, 140 Pa. 379.

The fourth assignment cannot be considered, as it is in violation of the rules of this court in not setting out the testimony given under the offer to which objection was made.

The judgment is affirmed.