## Uhl, Executor, *v.* Mostoller, Appellant.

Argued October 2, 1929.   Before Moschzisker, C. J., Frazer, Walling, Simpson, Sadler and Schaffer, JJ.

*Thomas J. Itell,* with him *J. C. Lowry* and *Boose & Boose,* for appellant.—Defendant's offers should have been allowed: Pattison v. Cobb, 212 Pa. 572; Edmundson's Est., 259 Pa. 429; Sutherland v. Ross, 140 Pa.

379; Norristown Trust Co. v. Lentz, 30 Pa. Superior Ct. 408; Turner v. McAnany, 5 Kulp 175; Everett v. Cox, 3 Kulp 7; Turner v. McAnany, 4 Kulp 65.

*Clarence L. Shaver,* with him *Uhl & Ealy,* for appellee.—The ruling was proper: Smith v. Hay, 152 Pa. 377; Crosetti's Est., 211 Pa. 495; Norristown Trust Co. v. Lentz, 21 Montg. Co. L. R. 180; Lahey v. Heenan, 81 Pa. 185; Adams v. Edwards, 115 Pa. 211; Sutherland v. Ross, 140 Pa. 379; Rudolph v. Rudolph, 207 Pa. 339; Swieczkowski v. Sypniewski, 294 Pa. 323.

OPINION BY MR. JUSTICE WALLING, November 25, 1929:

On March 7, 1911, Judge WILLIAM H. RUPPEL, of Somerset County, loaned the defendant, John O. Mostoller, $3,900, taking as security therefor a judgment bond and mortgage, providing for the repayment of the same at $300 a year. The judge died testate February 1, 1919. Prior to his death he had received from the defendant and credited upon the bond sums amounting to $450.55. Except a provision made for an aunt, the judge willed his entire estate, amounting to approximately $90,000, to his wife, Minerva C. Ruppel, absolutely, and named her and Charles F. Uhl, executors. So far as appears, the estate was free from indebtedness. The will was probated and the executors duly qualified. Mrs. Ruppel died May 23, 1927, testate, naming said Charles F. Uhl her executor. In June, 1928, Mr. Uhl entered judgment on the bond by confession, styling himself executor of both estates and caused execution to be issued. Thereupon, the defendant filed an affidavit of defense averring numerous payments made to Mrs. Ruppel, individually, after the death of her husband, sufficient in all to liquidate the entire judgment. The executor denied each of the alleged payments, except $100 paid May 28, 1919. In due course, the judgment was opened and an issue framed to determine what amount, if anything, was unpaid thereon.

At the trial of the issue defendant offered himself and his wife as witnesses to show the alleged payments to Mrs. Ruppel. Objections to their competency were sustained and the trial resulted in a verdict for plaintiff for the full amount of the claim, less the admitted credits. Judgment having been entered thereon, the defendant brought this appeal.

The only error complained of was the exclusion of the proffered testimony of the defendant and his wife to show the alleged payments to Mrs. Ruppel. In our opinion no error was thereby committed. The question turns on the proper construction of clause (e) of section 5 of the Act of May 23, 1887, P. L. 158-159, which, so far as here material, reads as follows: "Nor, where any party to a thing or contract in action is dead, or has been adjudged a lunatic and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record, who represents his interest in the subject in controversy, shall any surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased or lunatic party, be a competent witness to any matter occurring before the death of said party or the adjudication of his lunacy." Here, the thing or contract in action was the debt secured by the bond and mortgage and on the death of Judge RUPPEL the entire beneficial interest therein passed to his widow as sole legatee, although the legal title may have vested in the executors, for purpose of administration. She was the real and beneficial owner. Defendant recognized her as such, so paid her the $100 and avers he made the other payments to her in that capacity. In fact, the receipts produced purported to be signed by her individually. Any payments so made were unquestionably valid. Subsequent to the death of the judge, the bond and mortgage represented a part of her estate, was so inventoried, and as such passed to her executor for purposes of administration, and it was her estate that he represented upon the

record. Mrs. Ruppel being dead and her interest having so passed to one who represented her upon the record, it follows under the provisions of the statute above quoted that the adverse party could not be permitted to testify to alleged transactions with her relating to the matter in suit. The law looks at the substance rather than the shadow of transactions. To still treat Judge RUPPEL as the real owner of the claim here in suit, when it passed from him over ten years ago would not be according to the fact. There was no question as to any transaction with the judge. Had there been, as to such, his death would have closed the mouth of the defendant. The same applies to transactions with his widow after she became owner of the bond and mortgage in suit. While, so far as appears, we have never passed upon this precise question, yet we hold that where by the death of the one who owned and controlled the subject-matter in litigation his interest therein has passed to the party who represents him upon the record, the adverse party cannot testify as to transactions occurring prior to such death, although the deceased was not the original owner of the subject-matter in question. This holding is supported by the decision of the Superior Court, in Norristown Trust Co. v. Lentz, 30 Pa. Superior Ct. 408, where President Judge RICE, speaking for the court, says, inter alia (page 410) : "Their [the adverse parties'] interest was adverse to the right of Ephraim Burns, the original plaintiff in the judgment, and of Sarah Burns, whose ownership was derived under his will, and, therefore, not being called by the plaintiff, they were incompetent to testify to any matters occurring before the death of Sarah Burns." This affirmed the decision of Judge SWARTZ, reported in 21 Montgomery 180, where in the course of his discussion, he says (page 184) : "We allowed no evidence from Mr. Lentz as to anything that transpired in the lifetime of Mrs. Burns. The person is disqualified 'whose interest shall be adverse to the said right of such deceased.' Who is the deceased person under this act and the facts before us? It must be the

deceased party to the subject in controversy whose right thereto has passed by his own act or by the act of the law to a party on the record who represents his interest. The subject in controversy is the judgment or the interest which Sarah Burns has therein. It is her interest in the claim or debt which has passed to the Norristown Trust Company which represents her interest."

The interest of the defendant when offered as a witness in the instant case in his own behalf was directly adverse to that of the estate of Mrs. Ruppel, hence, he could not testify to matters occurring in her lifetime: Swieczkowski v. Sypniewski, Exr., 294 Pa. 323; Edmundson's Est., 259 Pa. 429; Brown v. Marmaduke, 248 Pa. 252; First Nat. Bank v. Gerli, 225 Pa. 256; Crosetti's Est., 211 Pa. 490. The reason for the exclusion is strong here because the defendant was not only called to testify to matters occurring in the lifetime of Mrs. Ruppel, but to transactions with her, to which she could make no reply. The facts of this case bring the defendant within the category of those rendered incompetent by the statutory provision above quoted and he is not within any exception thereto.

It has often been held that an agent is not a party within the terms of the statute, and, as to that, an executor stands on the same footing as any other agent. But in the instant case, Mrs. Ruppel was not merely an executor but the actual owner of the property in question. It is in the latter capacity that her interest passed to the party upon the record and in that capacity the defendant dealt with her after the death of her husband.

The rule which disqualified the defendant applied equally to his wife and it has been uniformly so held. "Owing to the identity of interest of husband and wife, if one is rendered incompetent by reason of the death of a party to a transaction, the other is also incompetent": Henry's Pennsylvania Trial Evidence (2d ed.), page 485, and cases cited.

The judgment is affirmed.