# Tingle's Estate

The facts appear from the following extracts from the adjudication and supplemental adjudication of

NILES, P. J., nineteenth judicial district, specially presiding, Auditing Judge.—The testatrix died December 18, 1930, leaving a will dated January 8, 1930, which was duly admitted to probate, and leaving to survive her a husband, Charles W. T. Showell, whose election to take against the will has been duly recorded and filed, but no issue.

Letters testamentary were granted to the accountant on January 8, 1931, proof of publication of the grant of same was submitted and is annexed hereto.

By the terms of said will, a copy of which, certified by counsel to be correct, is annexed hereto, testatrix gave one-half of all her property to her sister, Mary Jane Stanford (now Mary Jane Weldon), gave fifty dollars each to her sister Lucy's children, who were living at the time of her decease, gave fifty dollars to her cousin, Augusta Frame, "for nursing me in sickness," gave one dollar to her husband, Charles Showell, "who never supported me," appointed the accountant executor of the will and directed an equitable conversion of her real estate.

The petition notes the children of Lucy Smith (decedent's deceased sister) to be Marguerite Smith, Arnett Smith, Tracy Smith, Laura Johnson, Lillian Stewart, Morris Smith and Harold Smith. All parties of interest are living and of age.

Several questions were presented for my consideration at the audit, the first of which concerns the status of Charles W. T. Showell, husband of decedent. The situation from which the disputed question arises is substantially as follows: The husband claims his right as spouse to take against his wife's will which cuts him off with one dollar. The notes of testimony taken at the audit discloses that the residuary legatee (whose testimony was admitted subject to objection) is offered to testify as to the husband's willful neglect to provide for his wife for a year and upwards previous to her death for the purposes of excluding him under the provisions of section five of the Intestate Act of June 7, 1917, P. L. 429. On behalf of the husband it is urged that this legatee is not a competent witness because, as is claimed, she is excluded from the general removal disability of witnesses by section five, clause (e), of the Act of May 23, 1887, P. L. 158.

The provision referred to is:

"Clause (e). Nor where any party to a thing or contract in action is dead . . . and his right thereto or therein has passed either by his own act or by the act of the law to a party on the record who represents his interest in the subject matter in controversy, shall any surviving or remaining party to such

thing or contract or any other person whose interest shall be adverse to the right of the said deceased . . . party, be a competent witness to any matter occurring before the death of said party . . . unless the proceedings . . . be any other issue or inquiry respecting the property of a deceased owner and the controversy be between parties respectively claiming such property by devolution on the death of said owner, in which case all parties shall be competent witnesses."

The provisions of the act exclude the claiming husband because the estate of his said dead wife, which is the "thing in action," has passed to her executor, who is the party on the record, who represents her interest in the subject matter in controversy; and he is another person whose interest is adverse to the right of the deceased party to will her estate to some other person. This incompetency is further emphasized by the previous clause of the act: "Nor shall husband or wife be competent or permitted to testify against each other except in proceedings in divorce," etc.

This situation was recognized and the husband was not offered as a witness.

The residuary legatee is not excluded from competency by the act because her interest is not "adverse to the right of said deceased party."

"These conclusions seem to be sustained by the opinions in Schreckengost's Estate, 77 Pa. Superor Ct. 235, Crosetti's Estate, 211 Pa. 490, and Uhl *v.* Mostoller, 298 Pa. 124.

In accordance therewith the objections to the testimony of the legatee is overruled and is considered in connection with the other evidence.

As to the objection to the claim of the husband, the evidence submitted, both oral and documentary, the latter respecting the reinstatement on October 25, 1929, of an order made January 9, 1919, by the Municipal Court of Philadelphia County, for support of decedent, a period of time within the statute barring the husband's rights (see notes of testimony), leads to my findings as a fact that the claimant husband, Charles W. T. Showell, for more than one year previous to the death of his wife, willfully neglected to provide for her and the resulting conclusion of law that the husband is not entitled to take anything against the will or participate in his wife's estate except according to her testamentary provision. The claim of the husband is, therefore, disallowed.

### Supplemental adjudication

This account came for adjudication before me, specially presiding, November 12, 1931. The contest was between the husband, who had been cut off with one dollar by his wife's will, and the legatees. The husband would have been entitled to take against the will unless the objection of the legatees be sustained, that he lost his rights as surviving husband by willful neglect or refusal to provide for his wife for one year and upwards previous to her death. This was the issue presented at the first hearing.

The evidence produced led to the finding of fact that the claimant husband, Charles W. T. Showell, for more than one year previous to the death of his wife, willfully neglected to provide for her, and the resulting conclusion of law that the husband is not entitled to take anything against the will or participate in his wife's estate except according to her testamentary provision.

December 3, 1931, exceptions were filed on behalf of the husband, based upon his failure to testify in his own behalf. He did not offer to testify. His counsel said: "As the claimant is incompetent to testify I shall not call him." Had he been offered, his testimony would have been competent under the Act of April 24, 1931. Neither counsel nor court had this act in mind.

722

Upon consideration of the exceptions by the court in banc, the case was referred to Judge Stearne for further consideration by order of February 11, 1932.

The rehearing to give the husband another chance was had before me, again specially presiding, March 16, 1932. The claimant testified, as well as witnesses called in his behalf. Nothing appeared to warrant any other conclusion than that originally arrived at. The new evidence did not overcome the effect of the municipal court record showing the husband's desertion and non-support of his wife sustained by the corroborating other evidence.

Therefore, the adjudication of December 3, 1931, is reaffirmed and the account, in accordance therewith, is confirmed nisi.

*Herbert E. Millen*, for exceptant; *Louis F. McCabe*, contra.

VAN DUSEN, J., May 27, 1932.—The auditing judge found as a fact that the husband for more than one year before the death of his wife had willfully neglected to provide for her. There is evidence to support this finding and no manifest weight of evidence against it.

The exceptions are dismissed and the adjudication is confirmed absolutely.