## Weaver, Exr., Appellant, *v.* Welsh.

572

Argued January 25, 1937.  Before KEPHART, C. J.,
SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Chas. W. Eaby,* with him *Metzger & Wickersham* and *Amos E. Burkholder,* for appellant.

*Chas. C. Stroh,* of *Stroh & McCarrell,* with him *John A. R. Welsh,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, March 22, 1937:

Missouri A. Spohn, decedent, was raised from early childhood as a member of the family of appellee's wife. A close relationship existed between Mrs. Welsh and Mrs. Spohn, although there were no blood ties. Appellee was the decedent's agent in many financial transactions. Shortly after her death, her executor instituted this proceeding against appellee for an accounting and to compel delivery to the estate of certain bonds and repayment of $1,400 representing the proceeds of two of her checks payable to his order. Appellee, in his answer, admitted receipt of the checks and bonds. The check stubs introduced in evidence by appellant bore thereon the word "investment," written by appellee. The latter testified, over objection, that the stubs were so endorsed at Mrs. Spohn's direction to conceal knowledge of the disposition of the money from certain of her relatives, but that none of the proceeds were used by him or for his benefit. Instead, he testified that his money was a gift by Mrs. Spohn to his children to defray, in part, the expenses of their education. The answer as to the bonds recited that they had been returned by him to

the decedent. The executor offered a written statement submitted by appellee prior to the suit, which noted that the bonds had been given to his wife. Appellee testified, over objection, that the bonds were given to his wife by Mrs. Spohn, and Mrs. Welsh also testified to that effect.

In dismissing the bill, the court below held appellee competent to testify as to the checks, but that neither he nor his wife were competent witnesses as to the bonds. It was found as a fact that, inasmuch as the family of appellee's wife had raised decedent, the check proceeds were a valid gift to appellee's children and the bonds a valid gift to Mrs. Welsh.

Before considering the admissibility of the testimony, we will first take up the question of burden of proof. Here we have a decedent who during her lifetime issued two checks to her agent and gave to his wife some bonds which had formerly been entrusted to him. Appellant contends that in this proceeding for an accounting he may show delivery of the checks, the fact that the bonds were at one time the property of decedent and were placed in the hands of appellee as her agent—rest his case and say to appellee, "You must prove the disposition of the property, but your mouth is closed by the death of your principal; you cannot explain the transactions."

In a proceeding for an accounting or to recover bonds or other property alleged to belong to a decedent's estate, the burden of proof is on the representative of the estate to show by a preponderance of evidence that this property belonged to the decedent, and had been placed in the hands of the defendant who had a duty to account. This burden was upon appellant in the present case.

If the case had been submitted on bill and answer the court below would have been bound to find for appellee. He had filed a comprehensive answer completely explaining the charges in the bill. Appellant, to establish his right, read into the case those parts of appellee's answer admitting receipt of the property, but objected

to placing all the answer relative to the subject in evidence. This, of course, he could not do without opening the door to the full answer. Appellant has shown that the property was at one time in the hands of the decedent and its receipt by appellee as agent is admitted by his answer; but the answer goes further and denies that the property was converted to his own use or wrongfully withheld from the estate. Its disposition by him is there explained. Appellant cannot use that part of the answer which establishes appellee's receipt of the property and, at the same time, exclude from the record the portion which qualifies and explains the circumstances under which the property was received and how it was disposed of. In *Knapp v. Griffin,* 140 Pa. 604, an action was brought by an executor against the decedent's son-in-law, who transacted most of his business, to recover sums not accounted for. The plaintiff attempted to use the defendant's admission of the receipt of such property and to reject that portion which accounted for its disposition. The court below charged the jury: ". . . where a party undertakes to prove an admission of another party, he must give the whole admission, and if a portion of it serves the party who made the admission, he must not leave it out; the whole must be for the consideration of the jury." This was affirmed by this court on appeal.

Appellant also offered in evidence a statement of the agent to the executor, given before the bill was filed, showing possession of the bonds by him, but contends that the notation thereon showing a gift of them to Mrs. Welsh should not be accepted as evidence, though this fact was urged by appellant as being a contradiction of the answer. The statement and answer are not inconsistent for the former shows the ultimate disposition of the bonds. However, striking out the testimony of appellee with the answer and the statement as offered, the evidence to support the bill would be reduced to the offer of the check stubs referred to above. This would

not be sufficient to sustain the action. The stubs, without more, ordinarily would impose no liability to account; nor would the additional word "investment" on the stubs. The latter, apart from authorship, was subject to many interpretations. Even if the statement as to the bonds was admissible without explanation, the evidence is likewise insufficient to show the retention of property belonging to decedent. The difficulty with appellant's case is that in attempting to limit the effect of the answer and the statement he deprives himself of the right to use any part of it. Strip the case of the evidence complained of and appellant did not meet the burden of proof.

Before dismissing the subject of the burden of proof, it is well to here note that it is not governed by the old equity rule that a responsive answer denying the allegations of the bill of complaint, imposes the burden upon the complainant to disprove it by the testimony of two competent witnesses, or by that of one witness where there are corroborative circumstances. The Act of May 28, 1913, P. L. 358, Sec. 1, provides otherwise: "Hereafter all bills and answers must be sworn to; and the rule in equity that the averments of a responsive answer must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances equivalent to the testimony of another witness, in order to entitle plaintiff to a decree is hereby abolished as to proceedings hereafter to be begun." *Schwebel v. Wohlsen,* 254 Pa. 281, decided after the Act of 1913, did not mention the Act; it was overlooked; but *Leininger v. Goodman,* 277 Pa. 75; *Leahey v. Leahey,* 309 Pa. 347, and *Goslin v. Edmunds,* 325 Pa. 154, clearly demonstrate that the old rule was completely abrogated by that act.

In considering the evidence submitted by appellee and its competence, the controlling factor is clause (e), section 5, of the Act of May 23, 1887, P. L. 158, the purpose of which is obviously to prevent the injustice which

might flow from permitting the surviving party to a transaction with a decedent to give testimony thereon favorable to himself and adverse to the decedent, which the latter's representative would be in no position to refute: *Karns v. Tanner*, 66 Pa. 297 (decided under the Act of 1869, the forerunner of the Act of 1887). This clause has been construed not merely to render the surviving party incompetent to testify concerning the precise transaction, but to testify to any fact occurring before the death of the decedent which bears upon it: *Swieczkowski v. Sypniewski*, 294 Pa. 323; *Uhl v. Mostoller*, 298 Pa. 124. But, to effect this disqualification, the interest of the surviving party must be adverse to that of the decedent. See *King v. Lemmer*, 315 Pa. 254; *Dillon's Estate*, 269 Pa. 234; *First National Bank of Bloomsburg v. Gerli*, 225 Pa. 256; *Edmundson's Estate*, 259 Pa. 429.

It is apparent in the check transaction that appellee acted merely as agent for the decedent to pay over the money to his children. His answer and testimony denies that he received any part of it himself; it was so found by the court below. Since he merely acted as the conduit through which the gift flowed to his children he does not have any disqualifying interest in the proceeds of these checks adverse to the decedent's rights. A similar situation arose in *Taylor's Estate*, 154 Pa. 183, where it was said: "We think the testimony of the witness . . . was properly admitted. He had no interest in the matter in controversy. He was not a party in any sense of the term. He was at most a mere conduit through which the sum in controversy was to pass. . . ." See also *Sargeant v. Insurance Co.*, 189 Pa. 341; *Cake's Appeal*, 110 Pa. 65; *Dillon's Estate*, supra.

The fact that the gift here was to the children of appellee would not establish a disqualifying adverse interest in him. The close relationship between the witness and the beneficiary was not sufficient to make his interest adverse to that of decedent. (See *Edmundson's Es-*

*tate,* supra.) It merely affected credibility. See *Dillon's Estate,* supra.

A different problem is presented with respect to the bonds which were given by the decedent to the wife of appellee. The wife, as the surviving party to the transaction with decedent, is, by her assertion of ownership of property claimed by the decedent's personal representative, incompetent under the cited clause of the Act of 1887. Her testimony was properly disregarded by the court below. Although receiving no individual gain from the transaction, the husband is also an incompetent witness under the Act because of the identity of his interest with that of his wife. The leading case is *Bitner v. Boone,* 128 Pa. 567, in which this court said, in speaking of the relationship between husband and wife: "So closely connected in interest are they, that in equity, in controversies affecting the interests of either, the testimony of both is considered as the testimony of one person only." This was followed in *Daisz's Appeal,* 128 Pa. 572; *Sutherland v. Ross,* 160 Pa. 29; *Myers v. Litts,* 195 Pa. 595; *Uhl v. Mostoller,* supra.

Such disability may be waived if the incompetent party is called by the decedent's representative and questioned as to pertinent facts occurring prior to the death of the decedent. See *Forrester v. Torrence,* 64 Pa. 29. When appellee was called upon here by the bill to account for the bonds, appellant made him competent to testify as to his disposition of them. So much of his testimony indicating that he returned them to his principal should have been admitted, for it is an essential part of the explanation of his stewardship which he was required to make. Thus, in *Campbell v. Brown,* 183 Pa. 112, a bill in equity was brought by a sister against her brother, to set aside conveyances and transfers of property to him by their father in the latter's lifetime. The court below held that: ". . . when the plaintiff filed her bill and called upon the defendant to answer it, she thereby made him competent for that purpose." This

was affirmed Per Curiam. This conclusion involves no conflict with the previously decided cases under the Act of 1887.

If nothing further had been done by appellant, however, appellee would still have been incompetent to testify to the gift from the decedent to his wife, because it formed no part of his agency. His interest in the bonds, as an agent, terminated upon his delivery of them to the principal. What she did with them thereafter was no concern of his in that capacity, and is not properly a part of his account. But this incompetency as to the gift by Mrs. Spohn to Mrs. Welsh was also waived by appellant's introduction in evidence of the statement made by appellee that the bonds were given to his wife. This raised an apparent conflict with his answer and required an explanation. It would be contrary to all principles of justice to permit the introduction of such a bald statement by appellee to refute his answer without giving him an opportunity to explain its meaning. Appellant, having availed himself of a statement made by appellee as to a transaction occurring prior to the death of decedent, made him competent to testify in full as to that transaction. Consequently all of appellee's testimony relating to the bonds should have been admitted. The testimony of his wife was properly excluded.

Appellant was bound to sustain the ordinary burden of proof which rests upon complainants. In *Shingle v. Smyth, Henry and Kirkbride*, 248 Pa. 359, an action for an accounting and recovery of securities was brought by an executor against the agents of the decedent, and the burden of proof was held to be upon the executor to show the right to recover by a preponderance of the evidence. Though appellee here was under a duty to prove his disbursements, his own testimony, uncontradicted and competent, is sufficient to meet this burden and to shift to appellant the burden of showing otherwise. This appellant has not done. The fact that appel-

lant was not corroborated and that his testimony was self-serving goes to its weight. The findings of fact of the court below in this respect should not be disturbed.

At the trial, in the opinion of the court below, and in the argument before this court much stress was placed upon the rules concerning the burden of proof where the defendant in an action at law or equity sets up a gift from the decedent to himself as a defense against the assertion of a right to the property by the latter's representative. These cases are not applicable to the present controversy. Appellee is not being sued as the donee of this property, nor is it alleged as a defense that a gift was made to him of the property in question. He is being sued as an agent to account for property of his principal entrusted to his care. He does not seek to invoke any presumption of gift from his possession of the property. This distinguishes the case from *Goslin v. Edmunds,* 325 Pa. 154, where it was held that there was a presumption of gift of a check and its proceeds to the defendant from the fact that it was endorsed to her absolutely by the decedent.

The finding of the court below that the gifts by Mrs. Spohn to appellee's wife and children were valid was not necessary to a decision of the case as appellee need only prove that he has accounted for the property. However, to corroborate the accounting appellee showed to the satisfaction of the court below that the $1,400 was a gift to his children who received its benefit, and that the bonds were a valid gift to Mrs. Welsh by the decedent. The relationship between these two women was so close, that it partook of many incidents of a true family relationship sufficient to establish motive for the gift. In the absence of proof of explanatory words accompanying the voluntary delivery of the bonds an intention to give may be presumed. There was the outstanding fact that the bonds were in the possession of Mrs. Welsh when Mrs. Spohn died, and had been for more than a year. Possession is of probative value in a contest of

ownership depending on the circumstances of the case. It is true that ordinarily the burden of proving a valid gift is on the alleged donee, but in *Yeager's Est.*, 273 Pa. 359, it was said: "The quality and quantity of proof required to meet this obligation varies greatly, depending upon the circumstances of the particular case. Where the parties are strangers, the presumption against voluntary transfers is greater than in transactions between those holding more intimate relations." There was in evidence the corroborating statement introduced by appellant showing the bonds: "Given to Mrs. Welsh." This the court below considered. In addition, the testimony of appellee supplies direct proof of the gift and the attendant circumstances. Upon examination of the record we are therefore of opinion that the conclusions of the court below as to the gifts of both the checks and the bonds are supported by the evidence.

Decree affirmed at appellant's cost.