## Zimmerman's Estate

*Clarence D. Becker*, for exceptant.

*Earl A. Brubaker*, contra.

HENRY, P. J., March 14, 1939.—This case is before the court upon several exceptions taken to the findings and conclusions of the auditor with reference to the claim of Elizabeth H. Bashore and the disallowance of her claim.

Claimant was a niece of Lydia S. Zimmerman and the claim was for nursing and attendance rendered to the mother of Elizabeth H. Bashore, who was the sister of Lydia S. Zimmerman. The claim covered a period of over nine years, and was based upon an alleged contract with said Lydia S. Zimmerman whereby it was claimed that the latter promised to pay for the said services rendered by Mrs. Bashore to her mother by providing in her will that Mrs. Bashore should inherit the share of her mother in the estate of Lydia S. Zimmerman. There was some evidence going to show the value in the vicinity of such nursing and attendance as Mrs. Bashore furnished to her mother. The evidence to sustain the claim was largely that given by Adam Bashore, who is the husband of Elizabeth H. Bashore, the claimant.

Under the construction given by the courts to clause (e) of section 5 of the Act of May 23, 1887, P. L. 158, where a husband or a wife is incompetent to testify under the said provision of the act of assembly the other is also incompetent to testify on account of the identity of interest: Bitner, Exec., v. Boone, 128 Pa. 567; Daisz's Appeal, 128 Pa. 572; Sutherland v. Ross, 140 Pa. 379; Sutherland v. Ross, 160 Pa. 29.

Moreover, the surviving husband here, according to his own testimony, was a party to the alleged contract with Lydia S. Zimmerman. He testified that he assisted in the service required by his mother-in-law and in furnishing the meals and clothing. He further testified that he made no claim for his own services, but that his claim was merged with his wife's; that was also the statement of her counsel at bar in presenting her claim, so that his claim was not released or extinguished within the exception under the act permitting a party to a contract to testify against a decedent's estate upon such release or extinguishment of his interest made in good faith. He is thus incompetent to testify on account of his being a party to the alleged contract itself.

Claimant contends, however, that no objection having been made to the admission of the testimony of the husband before the auditor the objection was thereby waived, and that consequently the evidence should be considered by the auditor and by this court in passing upon the findings and conclusions of the auditor. To sustain this position, claimant cites Yankunos v. Hinds Catering Co. et al., 130 Pa. Superior Ct. 187, where it was said: "Where evidence, incompetent as hearsay, is admitted without objection and is relevant and material to the fact in issue, the court may give it the value of direct evidence and on it base a finding of fact." This case followed, and the court adopted, the rule as set forth in Poluski v. Glen Alden Coal Co., 286 Pa. 473.

These cases set forth the law in Pennsylvania with reference to the consideration of the rule with reference to hearsay evidence admitted without objection. It must be borne in mind that these rulings were with reference to a rule of law relating to hearsay evidence. What we are now considering is something essentially different. We are confronted with an act of assembly which provides that where a party to a contract is dead and his right thereto or therein has passed to a party of record who represents his interest in the subject in controversy "any surviving or remaining party to such thing or contract" shall not be a competent witness to any matter occurring before the death of said party, with certain exceptions. This act of assembly plainly says that the surviving party to a contract shall not be a competent witness to such contract, and the auditor hearing this testimony, and this court in passing upon this evidence, must consider that it is incompetent, cannot be considered, and that it would be improper to base any finding or conclusion upon such incompetent evidence.

We know of no authority for holding that the prohibitory provision of this act of assembly may be waived or that such testimony may be admitted, except under the provisions noted by the said act itself, and none such

appears in this case. Under this construction, the testimony of Adam Bashore, the husband of Elizabeth H. Bashore, was not competent, should not have been considered by the auditor, and cannot now be considered by this court as sustaining or tending to sustain the claim of his wife against Lydia S. Zimmerman. . . .

And now, March 14, 1939, the exceptions filed to the report and findings and conclusions of the auditor in the above-entitled case are hereby overruled and dismissed, the report of the auditor is confirmed absolutely, and the moneys decreed to be paid out in accordance therewith.