## Juna v. Reis

C.P. of Lycoming County, No. 11-02263

*C. Brian Crane*, for plaintiffs.
*James D Casale*, for defendants.

BUTTS, *P.J.*, September 10, 2013—

## Background

William Jamack (decedent) lived with and had a relationship with Denise Reis (defendant) at the time of his death on December 27, 2011. The decedent's last will and testament left his entire estate to his daughter, Elizabeth Juna (plaintiff/estate). Following the decedent's death, the defendant refused to give the estate several items in her possession, including a Rolex watch. The defendant notified the plaintiff that the decedent had given the defendant's son the Rolex watch as a gift prior to his death.

As a result of the defendant's refusal to turn over requested items, the estate filed the current civil action against the defendant. On July 23, 2013, this court held a pre-trial conference in this matter. At the request of the parties the issues were to be briefed and this court was to issue a decision prior to the non-jury trial, which has been scheduled for September 11, 2013 before the Honorable Richard A. Gray.

## Discussion

The plaintiff contends that testimony by the defendant and her son would be precluded under the "the Dead Man's Rule." The Rule is embodied under 42 Pa.C.S. § 5930:

> Except as otherwise provided in this subchapter, in any civil action or proceeding, where any party to a thing or contract in action is dead, or has been adjudged a lunatic and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject

in controversy, neither any surviving or remaining party to such thing or contract, nor any other person whose interest shall be adverse to the said right of such deceased or lunatic party, shall be a competent witness to any matter occurring before the death of said party or the adjudication of his lunacy, unless the action or proceeding is by or against the surviving or remaining partners, joint promisors or joint promises, of such deceased or lunatic party, and the matter occurred between such surviving or remaining partners, joint promisors or joint promises and the other party on the record, or between such surviving or remaining partners, promisors or promises and the person having an interest adverse to them, in which case any person may testify to such matters; or, unless the action is a possessory action against several defendants, and one or more of said defendants disclaims of record any title to the premises in controversy at the time the suit was brought and also pays into court the costs accrued at the time of his disclaimer, or gives security therefor as the court in its discretion may direct, in which case such disclaiming defendant shall be a fully competent witness; or, unless the issue or inquiry be devisavit vel non, or be any other issue or inquiry respecting the property of a deceased owner, and the controversy is between parties respectively claiming such property by devolution on the death of such owner, in which case all persons shall be fully competent witnesses.

Based upon this statute, Pennsylvania courts have determined that a witness is not competent to testify if three conditions have been satisfied: "(1) the deceased must have had an actual right or interest in the matter at

issue, i.e. an interest in the immediate result of the suit; (2) the interest of the witness — not simply the testimony — must be adverse; and (3) a right of the deceased must have passed to a party of record who represents the deceased's interest." *Hendrickson Estate*, 130 A.2d 143, 146-47 (Pa. 1957). "The party challenging the competency of a witness has the burden of proving incompetency." *Estate of Rider*, 409 A.2d 397, 399 (Pa. 1979).

In *Hendrickson Estate*, the defendant alleged that a ring was given to her by the decedent and that it belonged to her. *Hendrickson Estate*, 130 A.2d at 145. The Supreme Court of Pennsylvania found that the defendant's testimony was incompetent:

> The present controversy is between decedent's personal representative and decedent's daughter, each asserting ownership of the ring. Decedent — the purchaser and longtime possessor of the ring when he died — had at least a prima facie interest in the ring. Claimant's interest is adverse to decedent, i.e., she claims the ring belonged to her, not to decedent. Applying the test in *Dillon's Estate*, if appellant's exception were sustained and her claim allowed, she would gain as the 'direct legal operation and effect of the judgment' by receiving ownership and possession of the ring. Whatever right decedent had in the ring passed to his executor who represents his interest as a party of record. Appellant's testimony was properly excluded and such exclusion related not only to testimony as to transactions between appellant and her deceased father, but also as to any matter occurring before her father's death which had any bearing on the ring transaction.

*Id.* at 147.

Many additional issues arise with "the Dead Man's Rule," including whether the witness' interest is adverse to the decedent. Courts have allowed testimony if the witness does not have any interest in a claim and is merely testifying regarding an agreement with the decedent and the defendant. In *Edmundson's Estate*, the Pennsylvania Supreme Court allowed the defendant's mother to testify regarding an oral contract made with the decedent, because the beneficiary of the contract was not the mother but her daughter. *Edmundson's Estate*, 103 A. 277, 279 (Pa. 1918). The reasoning is further explained in *Billow*:

> To render a witness incompetent under the Act of 1887 it is not enough that he be a surviving or remaining party to the contract, but, in addition, his interest must be adverse to that of the deceased; it is the existence or non-existence of the adverse interest that is that test of his competency. In applying that test, adverse *interest* must not be confused with adverse testimony; it is the former, not the later that disqualifies. The mere fact that a witness, for personal reasons, may be unfriendly to the decedent's cause and partial to that of his adversary is wholly immaterial, for, while that circumstance may affect his credibility, it has nothing to do with his competency.

*Billow v. Billow*, 61 A.2d 817, 818-19 (Pa. 1948) (citations omitted) (emphasis included); *see also Weaver v. Welsh*, 191 A. 3 (Pa. 1937) ("The close relationship between the witness and the beneficiary was not sufficient to make his interest adverse to that of decedent"), *overruled on other grounds by Estate of Grossman*, 406 A.2d 726 (Pa. 1979).

Here, the application of "the Dead Man's Rule" is different between the defendant and the defendant's son. The defendant's son has an interest that is clearly adverse to that of the decedent. The defendant's son states that the decedent gave him the Rolex watch as a gift; while the estate, which represents the decedent's interest, argues that the watch was personal property of the decedent. The defendant argues that because her son was in possession of the Rolex watch he is allowed to testify to what decedent told him. The defendant cites *Miller* in support; however, the court finds that this case applies to the limited situation where an individual is in possession of a stock certificate with a blank endorsement. *In re Estate of Miller*, 346 A.2d 761 (Pa. 1975) (applying *Donsavage Estate*, 218 A.2d 112 (Pa. 1966)). The court finds that the facts in *Hendrickson* are controlling and the defendant's son is incompetent to testify pursuant to 42 Pa.C.S. § 5930. *Hendrickson's Estate*, 130 A.2d at 147 (where the defendant stated that a ring that the decedent purchased and possessed for a long time actually belonged to her).

The defendant, however, does not have the same interest in the Rolex watch as her son. It is alleged that the decedent gave the Rolex watch to the defendant's son as a gift. The defendant would not have any interest in the watch and would not stand to personally gain or lose by the outcome of a ruling. The estate argues that "[t]he interest of the Defendant and the Defendant's son are both adverse to the Estate." Plaintiff's brief to preclude at ¶ 9. As cited above, cases have already determined that a child's adverse interest not does not render a parent's or a relative's testimony incompetent. *See Edmundson's Estate*, 103 A. 277 (Pa. 1918); *Weaver v. Welsh*, 191 A. 3 (Pa. 1937); *Estate of Hines*, 2004 Phila. Ct. Com. Pl. LEXIS

132 (Pa. C.P. 2004); *Pavlinko Estate*, 160 A.2d 554 (Pa. 1960). In addition, the Supreme Court of Pennsylvania has similarly found that the testimony of the spouse of a surviving interested party is not *per se* incompetent under the Dead Man's Rule. *See Estate of Grossman*, 406 A.2d at 732-33. Based on the facts set forth in the parties' briefs, the court finds that the defendant is *not* incompetent to testify regarding the decedent's gift to her son. The defendant does not have an adverse interest against the estate. Rather, the defendant's assumed partiality toward her son's interest is a factor to be considered by the trier of fact to determine credibility.

The estate raised an additional issue in their brief that the defendant should be precluded from asserting counterclaims pursuant to the Honorable Richard A. Gray's order dated May 21, 2012. The order specifically states that the "Defendant shall file an amended counterclaim within twenty (20) days." As stated by the civil non-jury pre-trial conference order, this court is only addressing the issue of the Dead Man's Law so that the Honorable Richard A. Gray may preside over the trial. This court will not address additionally raised issues.

## ORDER

And now, this day of September, 2013, based upon the foregoing opinion, the estate's motion to preclude is hereby granted in part and denied in part. This court finds that the defendant's son is incompetent to testify regarding the Rolex watch under the Dead Man's Rule. The defendant herself, however, does not have an adverse interest against the decedent for the watch and is not precluded by the Dean Man's Rule from testifying.